# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS FRANKLIN WOODY,

        Petitioner,

v.                            CASE NO. 04-CV-74801-DT
                              HONORABLE JOHN CORBETT O'MEARA
                              UNITED STATES DISTRICT COURT

HELEN J. MARBERRY,

        Respondent,
_____/

## ORDER ON REMAND

      This matter is on remand from the United States Court of Appeals for the Sixth Circuit. On April 25, 2006, the Sixth Circuit affirmed this Court's denial of petitioner's habeas petition brought pursuant to 28 U.S.C.§ 2241, but vacated this Court's jurisdictional holding on petitioner's § 2255 claims. The Sixth Circuit remanded the matter to this Court for the limited purpose of giving petitioner an opportunity to withdraw his habeas petition, have it transferred to the appropriate judicial district pursuant to 28 U.S.C. § 1631, or to have the petition construed as one brought as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and denied on jurisdictional grounds. *See Woody v. Marberry,* 2006 WL 1083941 (6th Cir. April 25, 2006).

      Where a federal district court re-characterizes a *pro se* criminal defendant's motion as a first motion to vacate sentence brought pursuant to Section 2255, it must first notify the defendant that it intends to re-characterize the pleading, warn the defendant that any subsequent motion to vacate sentence will be subject to the Antiterrorism and Effective

Death Penalty Act's restrictions on the filing of subsequent motions to vacate, and must provide the defendant with an opportunity to either withdraw the motion or to amend the motion so it can contain all of the claims that the movant wishes to raise in the motion. *Castro v. United States,* 124 S. Ct. 786, 792 (2003). If the district court fails to do so, the first motion cannot be considered a motion to vacate sentence for purposes of applying the restrictions on filing a second or successive motion to vacate sentence. *Id.*

Based on the foregoing, the Court will give Petitioner thirty days to either withdraw his habeas petition, have it transferred to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1631, or have his petition construed as a motion to vacate sentence and denied on jurisdictional grounds.


        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge


Dated: May 24, 2006

Copies:

**Thomas Woody** #10093-017
Federal Correctional Institution - Milan
P.O. Box 1000
Milan, MI 48160-1090

patricia.gaedeke@usdoj.gov