UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FRANKLIN WOODY,

       Petitioner,

v.                            CASE NO. 04-CV-74801-DT
                              HONORABLE JOHN CORBETT O'MEARA
                              UNITED STATES DISTRICT COURT

HELEN J. MARBERRY,

       Respondent,
_____/

**OPINION AND ORDER RE-CHARACTERIZING THE PETITION FOR WRIT OF HABEAS CORPUS AS A MOTION TO VACATE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND TRANSFERRING THE MATTER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1631.**

     This matter is on remand from the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit remanded the matter to this Court for the limited purpose of giving petitioner an opportunity to withdraw his habeas petition, have it transferred to the appropriate judicial district pursuant to 28 U.S.C. § 1631, or to have the petition construed as one brought as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and denied on jurisdictional grounds. *See Woody v. Marberry,* 2006 WL 1083941 (6th Cir. April 25, 2006). On remand, this Court gave petitioner thirty days to inform this Court how he wished to proceed with this case. *See Woody v. Marberry,* 2006 WL 1452051 (E.D. Mich. May 24, 2006). On July 13, 2006, petitioner sent a letter to this Court, in which he asked this Court to transfer this matter to the United States District Court for the

1

Northern District of Florida for further proceedings.

On December 9, 2004, petitioner filed an application for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241. Petitioner first claimed that the Bureau of Prisons ("B.O.P.") miscalculated his sentence under federal law, by failing to award him sentencing credits against his federal sentence for the time spent in custody with the Florida Department of Corrections. Secondly, petitioner claimed that the sentencing judge, Judge Maurice M. Paul of the United States District Court for the Northern District of Florida, violated the federal law and constitution by issuing an order in 2004, some ten years after the sentence, which indicated that petitioner's federal sentence was to run consecutively to his state court sentence.

This Court held that petitioner's first claim was properly brought pursuant to § 2241, but denied relief, finding that the B.O.P. properly denied him credit for the time he was in custody in the State of Florida, because petitioner received credit on his state sentences for the time that he spent in state custody. The Sixth Circuit affirmed this portion of the Court's ruling on appeal. *Woody v. Marberry,* 2006 WL 1083941, * 3.

This Court determined that petitioner's claims relating to Judge Paul's 2004 sentencing order should have been brought pursuant to 28 U.S.C. § 2255 rather than § 2241. The Court further found that petitioner had failed to met his burden to show that § 2255 provided an inadequate remedy such that § 2241 was the proper avenue for habeas relief. This Court further determined that it was without jurisdiction to adjudicate Woody's § 2255 petition.

The Sixth Circuit ruled that this Court erred in re-characterizing this portion of petitioner's habeas petition as a § 2255 motion to vacate sentence without giving petitioner advance notice of its intent to do so and advising him of the potential adverse consequences. The Sixth Circuit based its ruling on the Supreme Court's holding in *Castro v. United States,* 124 S. Ct. 786, 792 (2003). The case was remanded for the limited purpose of giving petitioner an opportunity to withdraw his habeas petition, have it transferred to the United States District Court for the Northern District of Florida, or to have the petition construed as one brought as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and denied on jurisdictional grounds. *Woody v. Marberry,* 2006 WL 1083941, * 4-5.

Petitioner has now asked this Court to transfer his petition to the United States District Court for the Northern District of Florida. As this Court previously indicated in its original opinion and order, petitioner's claim that the federal district court should not have imposed a consecutive sentence should have been brought in a § 2255 motion to vacate sentence, as opposed to a § 2241 habeas petition. *See Carroll v. Peterson,* 105 Fed. Appx. 988, 990 (10th Cir. 2004); *Davis v. Kearney,* 142 F. Supp. 611, 612 (E.D. Tex. 1956). A motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 must be filed in the district that sentenced the defendant. *See In Re Gregory,* 181 F. 3d 713, 714 (6th Cir. 1999). It now appears that petitioner wishes to have this portion of his petition re-characterized as a motion to vacate sentence and transferred to the sentencing court.

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in

which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). A district court has the discretion, pursuant to 28 U.S.C. § 1631, to transfer a § 2241 habeas petition that should have been filed as a § 2255 motion to vacate sentence to the correct federal district court. *See Phillips v. Seiter,* 173 F. 3d 609, 610 (7th Cir. 1999). In this case, the interest of justice requires that petitioner's § 2255 motion be transferred to the United States District Court for the Northern District of Florida, because there is the risk that a newly filed § 2255 petition would be considered time-barred pursuant to the AEDPA's one year statute of limitations. *Id., Woody,* Slip. Op. at * 5.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1631.

                **s/JOHN CORBETT O'MEARA**
                **UNITED STATES DISTRICT JUDGE**

**Dated:** July 31, 2006